Good morning, Your Honor. This has been a case in the court. My name is Heather Pino, Catholic Repetitioner, and she alleges that the Board of Immigration Appeals acted arbitrarily in failing to reclaim her motion to reopen removal proceedings so that she could reapply for cancellation of removal for certain non-permanent residents. Now, we have asked you to address the question of removals because the only reason it advanced at the agency level was that your client's husband had a fatal, or they believed to be fatal, kidney problem and was going to need some end-stage care. And as we understand it, he has fortunately received a kidney transplant and has been restored to somewhat normal life. So why isn't the case removed because the only reason given is no longer in existence? Your Honor, when the two petitioners, this petitioner before the court and her husband, Mr. Montes, had moved the court to reopen for cancellation removal, they based it on the continuing claim of hardship to their United States citizen son. That son has aged out since the early 70s. Now, the petitioner has a very viable claim for cancellation removal based on Mr. Montes, the former co-petitioner. He is now a legal permanent resident. We submitted his proof of status to the court in response to the court order. And even though he has received a kidney transplant, he continues to be under constant medical care as his condition is still delicate and again has to be monitored. And that would go to proving a hardship to a qualifying relative. Is it not true that there is no record below, no testimony about why it's necessary for her to be here because he still needs her care even as a result of the transplant? So is this really, there's no record from the below that we could look to to see whether there was a hurry or anything else? You're absolutely right, Your Honor. The judge's decision was rendered in 2003 and what's matter was before the board, the male petitioner, the former co-petitioner, began to suffer from renal failure. Part of the board's decision in denying the last 2009 motion to reopen was a contention that the petitioners taped part according to Dr. Peter Mukasey in a time allotted. And there even was, they couldn't leave voluntarily because he was unable to travel due to the condition. And there was documentation submitted, which is in the record, regarding his condition. And then again, the only other documentation we have is what they recently submitted in a pursuant to the court order response. So I guess our question still is why is it not? Well, Your Honor, we would argue that, again, the board acted arbitrarily and capriciously in denying the motion based on the fact that they didn't voluntarily depart as she would have been able to pursue cancellation. So we can call on one set of facts. Now, admittedly, we don't have that evidence in the record, but now, in fact, she can pursue that application in a different set of facts. But would that be sufficient? I mean, it seems like it would be hard for us to reverse the agency on this new information that you're just telling us today. I understand, Your Honor. But these are the new facts that are available to the petitioner at the present moment. I guess if I had to do that, I may be understanding your argument differently than my colleagues, but I can understand your argument to be that at the time the board made its decision, the decision was wrong because failure to depart voluntarily couldn't be found to be voluntary, and therefore, And that issue, I guess, I suppose, remains an issue that should have looked at the merits of hardship, but I'm concerned about where that leads us because it leads us to the hardship that doesn't exist. So I guess that's where I'm struggling with it. I understand, Your Honor, but again, the facts have changed so drastically since the case was still filed before this court in 2009, but if we look at the decision of the board, So if that was reversed and the matter returned to the immigration judge, this petitioner would have a very strong claim for a new claim for consensus removal based on the conditions it stands to. But would the board then look at the new evidence without a new petition being filed? If the matter returned to the board, the petitioner could address the highest office of the chief counsel and get their position on relanding to the judge with proof of the new evidence that now exists regarding the husband's condition. So that would be a very viable path for her to return to the judge to have her case renewed afresh. That's all I have. Thank you for your concern, Your Honor. We'll hear from the hero next. Good morning. Craig Pennington on behalf of the Attorney General. The government shares the court's concerns on mootness. I don't think I can state them any better than you already have. The whole motion to reopen was based on an issue that no longer exists. But what if it was wrong at the time that it was made? That is, what if there really wasn't a failure to depart voluntarily due to our consideration of exceptional hardship because it really wasn't the alternative state? Where would that take us? I mean, I know you don't think it was wrong, but I just assume that it's even a hardship because if you've assessed it, it would go both ways. Right. I think it would take the court telling the board that it was wrong and it must consider an application for cancellation or removal based on an issue that no longer exists. So the whole basis then was the husband's renal failure. Now, he might well be right that she is allowed a claim for cancellation based on the continuing hardship, the treatment he needs to maintain the kidney. How would she present that in a way that would not be booted down procedurally? Well, she would have to present it to the agency first. Actually, I guess what I'm asking for is your view on whether the new motion filed, based on the new situation, whether the board would entertain that procedurally. The only way it would entertain it would be on expediency authority. As the last motion was, it was signed in number part. I mean, I think it was her third motion to reopen. So when she was seeking cancellation or removal, that was entirely in itself. The only way she could have received reopening would have been the board to do it sui sponte, based on an extraordinary circumstance. And the board didn't even consider an extraordinary circumstance because they found that she was subject to the 10-year bar. Now, that's no longer an issue because it's been so long since the petition was filed. And, again, this has been a long time since a briefing was completed, and it's worth noting that the husband, who was a joint respondent in the immigration proceedings and a joint petitioner, has been able to rectify his immigration status. He got a visa petition. He adjusted his status. And the petitioner here hasn't done any of that. And I don't know what's wrong to do that. I tried to call yesterday to see what was going on because I thought it was just kind of strange. The husband was able to, but she wasn't able to. And maybe petitioner's counsel can inform me a little better. Is this a case that you think would benefit from mediation services? I hate to say I'm hopeful, but, you know, I would anticipate mediation. This case has already been through mediation once. When was that? In 2010. So I tried to ask the briefing attorney on this case if she remembered what happened in mediation. She wasn't the attorney then. The attorney then had already left the office. There's no notes in my file about what happened during that mediation. So I don't know if it would be helpful or not. I can say that she hasn't done anything in the six years that we had briefing completed. So I don't know whether the husband's willing to file a visa petition, if that has happened, whether the daughter that filed for the father can also file for the mother. It seems like she has some sort of remedy available, just given the husband's circumstances, that she hasn't pursued. So I don't know what's going on there behind the scenes. Do you know whether she would have a better opportunity to be heard? Is this for her to return it to the board? Just based on the discussion that we've had, if there was an outstanding issue that maybe still needs to be addressed, even though there are new facts, is she in a better position if we return it than if we declare a duty that she has to hold the position historical over again? Judge Marshall, I would be a little wary of that, because the court would have to find that the agency abused its discretion, acted arbitrarily or capriciously, in finding that she was subject to the voluntary departure bar for ten years. And she presented no argument, I don't remember, that she did about that they were unable to voluntarily depart or any particular supported argument that that was the case. So the court would have to find that that was arbitrary or capriciously. I think that that's a stretch. And if this petition is moved, then the court lacks jurisdiction, and that also concerns the government here. So the court wouldn't have jurisdiction to even review the case or to even entertain a petition for review, which implies that the petition is moved. Again, it's hard. It's a sympathetic case. She's been here for over three decades and has been a citizen of children. But this petition here is moved. And, you know, nothing's stopping her on the side from seeking some support, hopefully from DHS in the form of a state approval, while she goes forth with a petition, a visa petition and an adjustment application, or even seeing if DHS would join in a motion to reopen if she does get an approved visa petition. That's her issues. That could be used for intermediary issues. I understand you're rather concerned about her income. Yeah, I think it could. But if the move is issued, if it drives this petition, then the court lacks jurisdiction. I need to see it sent around on the docket if the court lacks jurisdiction for it. If there's any other questions, the government doesn't believe that petition is moved. Everything is kind of going by the wayside. I think the proper course would be for her to pursue another motion to reopen, possibly reach out to DHS to see if they would join in. If not, submit enough documentation based on the house and its current condition, try to show that this is an extraordinary circumstance, which would persuade the board to reopen. So I think that's the only remedy she has left with the board. Unless she can show change in her current conditions, that would be a little more joyous, I don't know. Thank you, Daxell. Thank you for giving us some time. If you had more, that would be helpful to know your views, your clients' views, on the possibility of remediation. I think that mediation could be helpful in this case. I was not there during 2010, so I don't know. Nobody's here now. I was right after her. I don't know why. We did do mediation in 2012, and I severed the male petitioner from the kids, but we didn't disband this. So, look at that, sir. You're for the court now. Certainly, if the court would grant mediation, I would petition for bulk on that to see if there's something she can do, because clearly a dismissal order from this court and a subsequent removal with that subject, the petitioner to a 10-year bar for re-entry due to the removal order, and some other factors. So, that would be helpful. What other court things have passed? Thank you, counsel. The case, just as you've argued, is submitted, and we appreciate the candor and helpfulness from you guys. That's just positive.
judges: Graber, Friedland, Marshall